UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DERRICK DEVON TURNER, | Case No. 22-CV-1255 (PJS/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| EAGAN BEST BUY, EAGAN POLICE DEPARTMENT, DANE N. WINGET, JACOB J. BARNES, CHRISTIAN JOHNSON, THE CITY OF EAGAN, KIRSTEN DORUMSGAARD, JACOB PETERSON, and REBECCA KOPP, | |
| Defendants. | |

Derrick Devon Turner, *pro se*.

This matter comes before the Court on Plaintiff Derrick Devon Turner's motion to reopen this case. *See* ECF No. 6 ("Motion to Reopen"). For the following reasons, the Court denies the Motion to Reopen.

This action started on May 6, 2022, when the Court received Turner's complaint. *See* Docket. On May 11, 2022, the Clerk of this Court sent Turner a letter (1) stating that the Court had not received from Turner either this action's filing fee or an application to proceed *in forma pauperis* ("IFP"); (2) enclosing a copy of this District's template IFP application; and (3) warning that if the Court "[did] not receive [Turner's] filing fee or [IFP application]" within 15 days—that is, by May 26, 2022—"[his] case could be

summarily dismissed without prejudice." ECF No. 3 at 1. Turner never paid this action's filing fee or submitted an IFP application. *See* Docket. So in an order dated June 6, 2022, this Court dismissed this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* ECF No. 4; *see also* ECF No. 5 (reflecting entry of judgment).

Turner has now filed the Motion to Reopen. He claims that he has been in contact with court staff "every week" since he filed his lawsuit, only to be told (notwithstanding this action's ongoing docket) that "there is no lawsuit filed." *See* Mot. to Reopen 1. He further says that he has never received "any paperwork" related to this case, and insists that he is not "failing to prosecute," but actually wants to pursue this action. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to "relieve a party . . . from a final judgment" for various reasons. Rule 60(b)(1) permits relief in cases of (as relevant here) "mistake" or "inadvertence," and Rule 60(b)(6) allows relief based on "any other reason that justifies [it]." As a general matter, however, it is well established that Rule 60(b) "'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam)); *see also, e.g.*, *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (reciting same standard (quoting *Jones*)).

In this Court's view, reciting that standard basically dooms Turner's request. Even if the Court credits Turner's account of diligently monitoring this case, nothing in the Motion to Reopen presents anything like "extraordinary circumstances." The Court further notes that it dismissed this action without prejudice, which leaves Turner free to try to refile this case if he wishes. The Court thus denies the Motion to Reopen.

**ORDER**

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Derrick Devon Turner's motion to reopen this case (ECF No. 6) is **DENIED**.

Dated: August 1, 2022

s/Patrick J. Schiltz_____
Patrick J. Schiltz
Chief Judge, United States District Court